[PHILADELPHIA, JAN. 18, 1841.]

## KUHN *against* KISTERBOCK.

*IN ERROR.*

The Court of Common Pleas have a right to make a rule providing, " that if an appeal from a magistrate be reached at the fourth or subsequent term, and a legal reason be not assigned for putting off the trial, judgment shall be entered against the appellant (if defendant) for the sum for which the magistrate rendered judgment, with interest ; and if there have been an award of arbitrators, for the amount thereof with interest ;" and there is no error in ordering the judgment of a magistrate to be affirmed under this rule, without requiring the plaintiff to give any evidence in support of his claim.

ERROR to the Common Pleas of Philadelphia county.

This was an action for work done, brought by John Kisterbock against Charles Kuhn, before Alderman Binns, who gave judgment for the plaintiff on the 27th of February, 1837, for $19,75: whereupon the defendant, Kuhn, appealed to the Common Pleas; his appeal being entered to March Term, 1837.

On the 7th of March, 1837, Kisterbock filed a declaration, containing counts for work done, and the money counts; to which, on the 23d of March, 1837, Kuhn pleaded *non assumpsit ;* but no replication was filed by Kisterbock. Kisterbock arbitrated the cause on the 7th of March, 1837. The arbitrators met ; and on the 8th of June 1837, their award for $20,30 in favour of Kisterbock was filed ; and on the 22d of the same month, the defendant, Kuhn, appealed from it, making the necessary affidavit.

On the 4th of May, 1838, the cause being on the trial list, the court, at the request of the plaintiff's counsel, the defendant's being absent, affirmed the judgment of the magistrate, under the rule made by the court in relation to appeals from magistrates, which is as follows :

" It is ordered, that no appeal from an Alderman or Justice of the Peace be continued more than four terms, unless a legal reason be assigned, or the cause not reached ; and if the cause be

reached at the fourth term, or at a subsequent term, (having been continued at any former term without legal ground by either party, or by both parties, or by the court in their absence) and a legal reason be not then assigned for putting off the trial, judgment of *non pros* shall be entered in case the plaintiff be the appellant; and in case the defendant be the appellant, judgment shall be entered against him for the same sum for which the Alderman or Justice of the Peace who decided the cause had rendered judgment, with interest thereon: Provided, that where there shall have been an award of arbitrators filed in this court upon such an appeal, judgment of affirmance of such award shall be entered; and where the award shall have been for a sum of money, the judgment shall be for that sum, together with the interest thereon from the day of filing the award."

The defendant took a writ of error, and assigned for error " that the court below affirmed the judgment of the magistrate, when, at the time of such affirmance, there was an appeal pending from said judgment, a declaration filed in the cause, and a plea also, and the cause ready to be put at issue by a replication."

Mr. *Ingraham* for the plaintiff in error.

By the appeal from the judgment of the magistrate, the proceedings in the Common Pleas became *de novo*, upon the same cause of action which was before the justice; and so far as the proceedings were in question, the case was just as if it had been originally commenced in the Common Pleas.  *Owen* v. *Shelhamer*, (3 *Binn.* 45.) The case stood, therefore, in the court below precisely as any other case in which there was a declaration and plea, and which the plaintiff had a right to try, and in which he was bound to give the evidence necessary to support the issue on his part.  This view is rendered stronger by the fact, that the cause, which was once out of court, because it had been arbitrated by the plaintiff, and an award filed, from which there was an appeal by the defendant, stood after the appeal was entered upon the pleadings alone—the appeal had obliterated every thing else; for an award, after an appeal, is nothing, and it is error to read it to the jury.  *Shaeffer* v. *Kritzer*, (6 *Binn.* 430.)  *Humphreys* v. *Kelly*, (4 *Rawle*, 305 ;) or to mention it at the trial.  *Hyssop* v. *Crozier*, (1 *Miles*, 267.)  The court, therefore, could only allow the plaintiff to try the issue, and had not power to excuse him from giving evidence to support it.  But they had no power to make this rule.  It is clearly unconstitutional. Amend. to Const. of the U. S. Art. viii. (*Purd. Dig.* 6 ed. p. 15.) Const. Penn. Art. ix. § vi. (*Purd. Dig.* 35.)  *Childress* v. *Emory*, (8 *Wheat. Rep.* 674.)  And if it be not, still the court have erred manifestly, because they have " affirmed the judgment of the magistrate," when they were authorised by the rule to affirm the "award

(Kuhn v. Kisterbock.)

of the arbitrutors" only, "with interest from the day of filing the award."

Mr. *J. A. Phillips*, contra.

The rule does not take away or interfere with the trial by jury; it merely imposes terms upon which a trial may be had.  *Vanatta v. Anderson*, (3 *Binn.* 417,) which does not contradict the case in Wheaton.  The amount was originally under $20, and therefore not within the provision in the constitution of the United States.  The court had full power to make this rule; *Mylin's estate*, (7 *Watts*, 64.) And it is a rule of great convenience, enforced only when the appellant refuses to try.

PER CURIAM.—This is a very beneficial rule, and we are bound to sustain it by every fair means in our power.  It no more impinges on constitutional provisions for the security of trial by jury, than does any other rule for a judgment by default.  The true difficulty regards the standard of liquidation, which is assumed by the rule to be the sum which the justice or arbitrators adjudged to be due ; and it is said that the former judgment and award were obliterated by the appeal.  But that is to be taken with certain grains of allowance.  The dismissal of an appeal restores the original judgment, which consequently had been only contingently suspended by it. A judgment by default is for the sum demanded ; and that is usually specified in the writ or declaration.  But a justice's transcript has always been held to perform the office of a writ in the Common Pleas, and sometimes of a declaration also.  The amount of a judgment, unappealed from by the plaintiff, therefore, would, for purposes of liquidation, be the amount demanded by him in the Common Pleas, and consequently the standard of liquidation for signing judgment by default.  Here the last judgment, unappealed from by him, was an award of arbitrators, and the amount of it, being the sum demanded, was that alone for which judgment by default could be signed on the principle of the rule, or of technical reason.

Judgment affirmed.